# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

February 13, 2023

*Via Electronic Filing*
The Honorable John P. Cronan, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    *Di Michele v. Amaya Partners LLC et al*
                  Case No.: 1:22-cv-08439-JPC

Dear Honorable Judge Cronan:

      This law firm represents Plaintiff Alessia Di Michele (the "Plaintiff") in the above-referenced matter.

      This letter respectfully serves to request an enlargement of time to serve Defendants Amaya Partners LLC (the "Corporate Defendant") and Kunal Pasawala (the "Individual Defendant", and collectively, the "Defendants"), pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 4(m), to, through and including March 13, 2023.

      This letter further serves as a request for permission to serve the Defendants alternative methods, *to wit*, via: email.

      **I.**        **Legal Standard for Service via Alternative Means**

      Fed.R.Civ.P. 4(m) provides that service of process upon an individual located within a judicial district of the United States may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected." In New York, service may be effected upon a natural person by: (1) personal service; (2) delivering the summons to a person of suitable age and discretion at the individual's actual place of business, dwelling place or usual place of abode, and mailing it; (3) serving the individual's agent; or (4) affixing the summons to the individual's actual place of business, dwelling place, or usual place of abode, and mailing it. *See* New York State Civil Practice Law and Rules ("CPLR") §§ 308(1)-(4). In addition, service in New York may be made "in such manner as the court, upon motion without notice directs, if service is impracticable under paragraphs one, two, and four of this section." *Id.* § 308(5)

      The meaning of "impracticable" depends upon the facts and circumstances of a particular case. *See Markoff v. South Nassau Community Hosp.*, 91 A.D.2d 1064, 1065 (2d Dept. 1983). Although CPLR § 308(5) does not require a showing of due diligence or of actual prior attempts to serve a party under the other provisions of the statute, *SEC v. HGI, Inc.*, 1999 WL 1021087, at *1 (S.D.N.Y. 1999), a plaintiff seeking to effect alternative service "must make some showing that the other prescribed methods of service could not be made." *Markoff,* 91 A.D.2d at 1065.

      Courts have found a showing of impracticability, and have authorized alternative service, where a defendant could not be located by inquiring with the United States Postal Service or by searching computer databases. *See, e.g., HGI, Inc.,* 1999 WL 1021087, at *1 (finding proof of

impracticability where, despite efforts to locate the defendant by these means, his whereabouts remained unknown).

### II.     Good Cause Exists to Permit Service to be Accomplished via Alternative Means

On or around January 14, 2023, Plaintiff's process servers had unsuccessfully attempted to serve Defendants at the business address located at 725 River Rd., Edgewater, NJ 07020. According to Plaintiff's process servers, the Defendants were no longer doing business at that address, as of the date of service.

A true and correct copy of Plaintiff's affidavits of non-service are annexed hereto as Exhibit "A".

After the filing of the Complaint, however, Individual Defendant Kunal Pasawala contacted the undersigned counsel via telephone. Based on conversations with the Individual Defendant, it is understood that he has both actual and constructive knowledge of the instant litigation.

For all of the foregoing reasons, it is respectfully submitted the Court permit Plaintiff to serve Defendants via email.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: /s/ *Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

VIA ECF: All Counsel

The request for an enlargement of time to serve Defendants through March 13, 2023 is granted.  The request for permission to serve Defendants through alternative means is denied without prejudice:  the fact that Defendants are no longer doing business at their previous address is insufficient to show that service through standard means is impractical.  Inasmuch as Plaintiff's counsel remains in communication with Defendant Kunal Pasawala, however, Plaintiff may request Mr. Pasawala's consent to service via e-mail.  The Court further notes that in certain circumstances New Jersey law permits business entities to be served through substitute service on a state agent or entity.  *See, e.g.*, N.J. Stat. Ann. § 2A:15-30.1 (West 2023).

SO ORDERED
Date: February 14, 2023
New York, New York

JOHN P. CRONAN
United States District Judge