# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

May 3, 2023

**_Via Electronic Filing_**
The Honorable John P. Cronan, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

           Re:    *Di Michele v. Amaya Partners LLC et al*
                   Case No.: 1:22-cv-08439-JPC

Dear Honorable Judge Cronan:

      This law firm represents Plaintiff Alessia Di Michele (the "Plaintiff") in the above-referenced matter.

      This letter respectfully serves to request an enlargement of time to serve Defendants Amaya Partners LLC (the "Corporate Defendant") and Kunal Pasawala (the "Individual Defendant", and collectively, the "Defendants"), pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 4(m), to, through and including June 13, 2023.

      This letter further respectfully serves as a renewed request to serve the Individual Defendant via alternative methods, *to wit*, via: (i) email.

    **I.**    **Legal Standards**

      **A.**    **Extension of Time to Complete Service**

      Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

      *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

      Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id.* Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id*. (citation omitted).

### B.     Service via Alternative Means

Fed.R.Civ.P. 4(m) provides that service of process upon an individual located within a judicial district of the United States may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected." In New York, service may be effected upon a natural person by: (1) personal service; (2) delivering the summons to a person of suitable age and discretion at the individual's actual place of business, dwelling place or usual place of abode, and mailing it; (3) serving the individual's agent; or (4) affixing the summons to the individual's actual place of business, dwelling place, or usual place of abode, and mailing it. *See* New York State Civil Practice Law and Rules ("CPLR") §§ 308(1)-(4). In addition, service in New York may be made "in such manner as the court, upon motion without notice directs, if service is impracticable under paragraphs one, two, and four of this section." *Id*. § 308(5).

The meaning of "impracticable" depends upon the facts and circumstances of a particular case. *See Markoff v. South Nassau Community Hosp.,* 91 A.D.2d 1064, 1065 (2d Dept. 1983). Although CPLR § 308(5) does not require a showing of due diligence or of actual prior attempts to serve a party under the other provisions of the statute, *SEC v. HGI, Inc.,* 1999 WL 1021087, at *1 (S.D.N.Y. 1999), a plaintiff seeking to effect alternative service "must make some showing that the other prescribed methods of service could not be made." *Markoff,* 91 A.D.2d at 1065.

## II.    Analysis

### A.     Good Cause Exists to Extend Plaintiffs' Deadline to Serve the Individual Defendant, and to Permit Service to be Accomplished via Alternative Means

As set forth more fully in Plaintiff's February 13, 2023 letter [Dckt. No. 13], on or around January 14, 2023, Plaintiff's process servers had unsuccessfully attempted to serve, *inter alia,* the Individual Defendant at the business address located at 725 River Rd., Edgewater, NJ 07020. According to Plaintiff's process servers, the Individual Defendant was no longer doing business at that address, as of the date of service.

After February 13, 2023, Plaintiff attempted to relocate the Individual Defendant's whereabouts, *to wit*: the Individual Defendant's residential address.

As set forth more fully in Plaintiff's March 13, 2023 letter [Dckt. No. 18], an electronic amended summons, bearing the Individual Defendant's last known residential address, was issued on March 6, 2023 [Dckt. No. 17].

As set forth in the affidavit of non-service filed on or around April 13, 2023 [Dckt. No. 21] on March 22, 2023, Plaintiff's process servers attempted to serve the Individual Defendant at his

last known[1] residential address of 346 Oswego Court, West New York, NJ 07093. According to Plaintiff's process servers, the Individual Defendant no longer resides at that address.

As such, Plaintiffs' process servers had unsuccessfully attempted to serve the Individual Defendant twice: (i) on January 14, 2023 at his last known business address located at 725 River Rd., Edgewater, NJ 07020; and (ii) on March 22, 2023 at his residential address located at 346 Oswego Court, West New York, NJ 07093.

On or around May 3, 2023, Plaintiff located the Individual Defendants' email address.

Attached hereto as Exhibit "A" is a true and correct copy of a webpage as of May 3, 2023, containing the Individual Defendant's current professional credentials, and contact information. According to the webpage, the Individual Defendant is a Licensed Real Estate Salesperson for Keller Williams, NYC, and maintains: (i) a cellphone number of (201) 290-4399; (ii) a landline number of (212) 838-3700; and (iii) an email address of kpasawala@kwnyc.com. *See* Ex. A.

As previously set forth [*see* Dckt. No. 22], the Individual Defendant contacted the undersigned counsel via telephone multiple times since the filing of the Complaint. These phone calls were made using the same cell phone number listed on the website located by the undersigned. *See* Ex. A. Moreover, it is understood that the Individual Defendant is capable of receiving iMessages, *i.e.,* he is able to receive .pdf files transmitted directly to him, via his iPhone.

In light of Plaintiff's diligent, but unsuccessful, attempts to serve the Individual Defendant, it is respectfully submitted the Court permit Plaintiff to serve the Individual Defendant via email, pursuant to CPLR § 308(5). Out of an abundance of caution, it is further respectfully submitted the Court permit Plaintiff to serve the Individual Defendant via iMessage.

Should the Court act favorably on Plaintiffs' request, the undersigned intends to serve the Individual Defendant by:

1. Transmitting a copy of the Summons and Complaint directly to him via email; and out of an abundance of caution, also by;

2. Transmitting a copy of the Summons and Complaint directly to his phone, via iMessage.

### III. Conclusion

In light of the foregoing, it is respectfully submitted that the Individual Defendant is extremely likely to receive the Summons and Complaint via his email, and iMessage. In light thereof, leave should also be granted to serve the Individual Defendant via these channels.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

---

[1] The information provided by the current occupant of this premises confirms that the Individual Defendant had, in fact, resided at the Oswego Court address.

Thank you, in advance, for your time and attention to this matter.

                                           Respectfully submitted,

                                           LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                           By: */s/ Jason Mizrahi*
                                                 Jason Mizrahi, Esq.
                                                 60 East 42nd Street, Suite 4700
                                               New York, New York 10165
                                               Tel. No.:  (212) 792-0048
                                               Email: Jason@levinepstein.com
                                               *Attorneys for Plaintiff*

VIA ECF: All Counsel

The request for an enlargement of time through June 13 to serve Defendants is granted.  However, the request to serve Defendant Kunal Pasawala through e-mail is denied without prejudice.  Under New York law, service via alternative means is permissible only "if   service   is impracticable under paragraphs one, two and four of" N.Y. C.P.L.R. 308.  Paragraph  two  of  that provision, in turn, permits service by both leaving the summons with a person of suitable age and discretion at the actual place of business of the person to be served, and mailing the summons to that address.  *Id.* 308(2).  Plaintiff has identified Defendant Pasawala's actual place of business, which is located at 99 Park Avenue, 10th Floor, New York, NY 10016, and has not shown that service at that address would be impracticable under N.Y. C.P.L.R. 308(2).  Until such a showing is made, service by alternative means is not authorized by N.Y. C.P.L.R. 308(5).

SO ORDERED
Date: May 4, 2023
New York, New York

                                                              JOHN P. CRONAN
                                                  United States District Judge